UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL HINDS #423505,

        Petitioner,

v.                                  Case No. 2:06-cv-108
                                  HON. R. ALLAN EDGAR

BARRY McLEMORE,

        Respondent.

_____/

## MEMORANDUM AND ORDER

This case concerns a second *pro se* petition for writ of habeas corpus filed on April 14, 2006, by state prisoner Michael Hinds ("Hinds") under 28 U.S.C. § 2254. Hinds is in the custody of the Michigan Department of Corrections and he is incarcerated at the Baraga Maximum Correctional Facility, Baraga, Michigan. Hinds challenges the validity of his judgment of conviction in the Michigan state courts. After reviewing the record *de novo*, the Court concludes that the habeas petition must be dismissed with prejudice because it is time-barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

## I.    Background

In July 2002, Michael Hinds was found guilty and convicted in the Circuit Court of Wayne County, Michigan, after a bench trial for the crimes of armed robbery and possession

of a firearm during the commission of a felony.  Hinds was sentenced to one to ten years imprisonment for the armed robbery conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.  Hinds took a direct appeal and his judgment of conviction was affirmed by the Michigan Court of Appeals.  *People v. Hinds*, 2004 WL 576254 (Mich Ct. App. March 23, 2004).  The decision by the Michigan Court of Appeals adequately summarizes the facts and proof presented at trial, and need not be repeated here. Hinds did not pursue an appeal to the Supreme Court of Michigan.

On March 22, 2005, Hinds filed his first § 2254 petition for writ of habeas corpus styled *Michael Hinds # 423505 v. Timothy Luoma*, United States District Court for the Western District of Michigan, Northern Division, Case No. 2:05-cv-62.  On July 8, 2005, this Court ordered Hinds to file a supplemental pleading within thirty days setting forth the specific claims he asserted in his motion for relief from the judgment in state court, and stating the status and disposition of any appeals in the Michigan state courts.  This Court warned Hinds that his habeas petition would be dismissed without prejudice should he fail to comply with the order.  When Hinds did not comply and did not timely file the required supplemental pleading, this Court entered an order on November 22, 2005, in Case No. 2:05-cv-62 dismissing Hinds' first habeas petition without prejudice. [Case No. 2:05-cv-62, Doc. No. 6].

On April 14, 2006, Hinds filed the instant second petition for writ of habeas corpus under 28 U.S.C. § 2254 and it is assigned Case No. 2:06-cv-108.  This is an entirely new

-2-

§ 2254 habeas petition and, for purposes of applying the statute of limitations under 28 U.S.C. § 2244(d)(1), it does not "relate back" to the first § 2254 habeas petition that was previously dismissed without prejudice on November 22, 2005, in Case No. 2:05-cv-62. The relation back doctrine and Fed. R. Civ. P. 15(c) do not apply because Hinds' previous habeas petition was dismissed and there is no existing pleading/habeas petition pending before the Court to which the instant second habeas petition filed on April 14, 2006, could relate back. *Raspberry v. Garcia*, ___ F.3d ___, 2006 WL 1421363, *4 (9th Cir. May 25, 2006); *Neverson v. Bissonnette,* 261 F.3d 120, 126 (1st Cir. 2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Warren v. Garvin*, 219 F.3d 111, 114 (2nd Cir. 2000); *Jones v. Morton*, 195 F.3d 153, 160-61 (3rd Cir. 1999); *Graham v. Johnson,* 168 F.3d 762, 775-80 (5th Cir. 1999); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999); *Griffith v. Birkett*, 2006 WL 724579, *2 (E.D. Mich. March 17, 2006); *DeShazer El v. Kapture*, 2001 WL 1218730, *2 (E.D. Mich. Aug. 21, 2001).

When preparing the instant second § 2254 habeas petition, Hinds completed a court-approved form.  In paragraph 12 of the habeas petition, Hinds was asked the following question: "Other than a direct appeal or motion for relief from judgment, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?"  Hinds answered by marking a box indicating "No."  This answer was incorrect. Hinds did not disclose that he had previously filed a § 2254 habeas petition in Case No. 2:05-cv-62 concerning the same Michigan state court judgment of conviction.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 71.1(d), Magistrate Judge Timothy P. Greeley has submitted a report and recommendation . [Doc. No. 2].  The Magistrate Judge recommends that the habeas petition be summarily denied on the ground that it is time-barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).  Hinds' judgment of conviction became final on May 18, 2004.  Hinds had one year from May 18, 2004, to file his habeas petition under 28 U.S.C. § 2254.  Hinds filed the instant second habeas petition on April 14, 2006, after the statute of limitations expired.  The Magistrate Judge also recommended that a certificate of appealability be denied to Hinds under 28 U.S.C. § 2253(c).

On June 5, 2006, Hinds filed an objection to the report and recommendation.  [Doc. No. 5].  As the Court reads and liberally construes the *pro se* objection, Hinds argues that his § 2254 habeas petition is not time-barred by the statute of limitations because Hinds contends he is actually innocent of the crimes on which he stands convicted.  Paragraph 19 in the habeas petition requests Hinds to furnish the following information: "TIMELINESS OF PETITION:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition."  In response to paragraph 19, Hinds states: "The one year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar my petition because I am actually innocent."  The report and recommendation does not address the question whether the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A) is subject to equitable tolling

-4-

in Hinds' case based on the actual innocence equitable tolling doctrine recognized in *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

After reviewing the record *de novo*, the Court concludes that Hinds' objection [Doc. No. 5] is without merit and it is **DENIED**.  The Court agrees with the Magistrate Judge that the habeas petition is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A).  The Court finds that the statute of limitations is not subject to equitable tolling under *Souter*, 395 F.3d at 589-90, based on Hinds' claim of actual innocence.  Hinds has not met his burden of producing new, reliable evidence to show that he has a credible claim of actual innocence.  The habeas petition will be **DENIED and DISMISSED WITH PREJUDICE**.

Accordingly, the Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b) with a minor exception.  In the second sentence of the first paragraph on the first page of the report and recommendation, it states that Hinds was convicted at trial by a jury.  This is incorrect.  The record shows that Hinds was convicted after a bench trial in Michigan state court.  Hinds did not have a jury trial.

To amplify and supplement the report and recommendation, the Court will address and analyze the question whether the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A) is subject to equitable tolling in Hinds' case based on the actual innocence equitable tolling doctrine recognized by the Sixth Circuit in *Souter*, 395 F.3d at 589-90.

## II.   Motion to Amend Habeas Petition

After the Magistrate Judge submitted the report and recommendation, Hinds made a motion on June 5, 2006, for leave to amend his habeas petition. [Doc. No. 6].  Hinds states that respondent Timothy Luoma is no longer the warden of the state prison where Hinds is imprisoned.  Hinds asserts that respondent Timothy Luoma has been replaced and the current prison warden is Barry McLemore.

In addition, Hinds seeks to correct certain statements and misinformation contained in his habeas petition.  The most significant correction concerns paragraph 12 in the habeas petition wherein Hinds failed to disclose that he had previously filed a § 2254 habeas petition in Case No. 2:05-cv-62 concerning the same Michigan state court judgment of conviction.

The motion by Hinds to amend his habeas petition [Doc. No. 6] is **GRANTED** pursuant to Fed. R. Civ. P. 15(a) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Clerk of Court is **DIRECTED** to modify or correct the record and the style of this case to reflect that Timothy Luoma is no longer the respondent and that the respondent is now Barry McLemore.

## III.   No Credible Claim of Actual Innocence and No Equitable Tolling of Statute of Limitations

In his objection to the report and recommendation, Hinds' sole contention is that his habeas petition should not be time-barred by the statute of limitations based on his claim of actual innocence.  Thus, Hinds seeks to rely on the actual innocence equitable tolling doctrine.  *Souter*, 395 F.3d at 589-90; *see also Ross v. Berghuis,* 417 F.3d 552, 555-56 (6th

Cir. 2005); *Whitt v. Howes,* 2006 WL 1455560 (E.D. Mich. May 23, 2006); *Griffith*, 2006 WL 724579, at *4; *Martin v. Trombley*, 2006 WL 508665, *6 (E.D. Mich. Feb. 28, 2006); *Carver v. Sherry,* 2006 WL 1046941, **3-5 (W.D. Mich. Feb. 8, 2006); *Bane v. McKee,* 2005 WL 3501407, *6 (E.D. Mich. Dec. 21, 2005); *Williams v. Jackson,* 2005 WL 2491446, *4 (E.D. Mich. Oct. 7, 2005); *Reeves v. Cason*, 380 F. Supp.2d 883, 885 (E.D. Mich. 2005); *Waters v. Renico,* 2005 WL 1838625, *5 (E.D. Mich. July 29, 2005); *Boyd v. Booker,* 2005 WL 1838622, *5 (E.D. Mich. July 29, 2005).

This objection by Hinds fails.  Hinds is not entitled to equitable tolling of the statute of limitations based on *Souter* because Hinds has not met his burden of showing that he has a credible claim of actual innocence.  Hinds cannot invoke *Souter* and obtain equitable tolling of the statute of limitations merely by repeating the phrase "actual innocence" without any new, reliable evidence to show that he is factually innocent.

The statute of limitations in habeas cases, 28 U.S.C. § 2244(d)(1), may be equitably tolled based on a habeas petitioner's credible claim of actual innocence.  *Souter*, 395 F.3d at 589-90.  There is a very stringent standard for establishing a credible claim of actual innocence.  The threshold inquiry is whether there are new, reliable facts presented that raise sufficient doubt about the habeas petitioner's guilt to undermine confidence in the guilty verdict at trial.  *Schlup v. Delo*, 513 U.S. 298, 317 (1995); *Souter*, 395 F.3d at 590.  Hinds had a bench trial.  To establish actual innocence, Hinds must show in that light of all the evidence, it is more likely than not that no objectively reasonable judge at a bench trial could

find Hinds guilty beyond a reasonable doubt. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup*, 513 U.S. at 327; *Berghuis,* 417 F.3d at 556; *Souter*, 395 F.3d at 590, 598-99; *Carver,* 2006 WL 1046941, at *4.

Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Souter*, 395 F.3d at 590; *Griffith*, 2006 WL 724579, at *4; *Carver,* 2006 WL 1046941, at *4. To be credible, a claim of actual innocence requires Hinds to support his allegations of constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at his trial. *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590; *Griffith*, 2006 WL 724579, at *4; *Carver,* 2006 WL 1046941, at *4. The Supreme Court and the Sixth Circuit caution that the actual innocence exception remains rare and may only be applied in extraordinary cases. *Schlup*, 513 U.S. at 321; *Souter*, 395 F.3d at 590.

Applying these standards, the Court finds that Hinds has not met his burden of showing that he has a credible claim of actual innocence that would equitably toll the running of the statute of limitations under the standard set forth in *Souter*, 395 F.3d at 589-90. This is not one of those rare, extraordinary cases where a credible claim of actual innocence has been established by new, reliable evidence. Hinds' habeas case falls outside of the actual innocence tolling exception because he has failed to present new, reliable evidence to establish that he is actually innocent of the crimes.

In his habeas petition, Hinds raises two grounds for relief  First, Hinds claims there was insufficient evidence at trial to prove him guilty beyond a reasonable doubt and he was denied a fair trial.  This appears to be a claim that he was deprived of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  Second, Hinds claims ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  Hinds seeks to rehash the evidence at trial, contends the trial judge erred in making some evidentiary rulings, and disputes the veracity or credibility of the prosecution's witnesses, namely the investigating police officer and the robbery victim. Hinds also affirmatively asserts that he did not commit the crimes.  In other words, Hinds alleges actual innocence.

To the extent Hinds contends that the evidence at trial was insufficient to support a verdict finding him guilty beyond a reasonable doubt and he claims ineffective assistance of counsel, this falls far short of what is necessary to establish a credible claim of actual innocence.  In *Stoker v. Watson*, 2006 WL 1549943, *1 (6th Cir. June 7, 2006), the Sixth Circuit recently stated that challenging the credibility of the witnesses who testified at trial falls short of demonstrating actual innocence.  A habeas petitioner's claim of insufficient evidence at trial cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations.  *Whitt*, 2006 WL 1455560, at *3; *Bane,* 2005 WL 3501407, at *6; *Redmond v.  Jackson*, 295 F. Supp.2d 767, 773 (E.D. Mich. 2003); *Grayson v. Grayson*, 185 F. Supp.2d 747, 752 (E.D. Mich 2002);

*Holloway v. Jones*, 166 F. Supp.2d 1185, 1191 (E.D. Mich. 2001). This is because actual innocence means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623; *Souter*, 395 F.3d at 590.

Moreover, in the absence of any new, reliable evidence from Hinds, this Court is not persuaded that the factual allegations and arguments presented by Hinds are sufficient to establish that he has a credible claim of actual innocence. Based on the evidence presented at the bench trial in Hinds' criminal case, the Court finds that a reasonable, competent judge could readily find that Hinds is guilty as charged beyond a reasonable doubt. As the Michigan Court of Appeals explains in *Hinds*, 2004 WL 576254, the victim of the armed robbery positively identified Hinds as the perpetrator both in a pretrial police lineup and from the witness stand at trial. When the police approached Hinds while investigating the armed robbery, Hinds had possession of the robbery victim's money clip. Hinds attempted to punch the police officer and run away from the police which is further evidence of his guilt.

In sum, to be credible, a claim of actual innocence requires Hinds to support his allegations with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590; *Griffith*, 2006 WL 724579, at *4. Hinds has not proffered any such new reliable evidence in this habeas proceeding. He has not proffered any new exculpatory scientific evidence, trustworthy eyewitness accounts, or physical evidence to support his bare claim of actual innocence. Instead, Hinds merely presents his

own unsupported, self-serving statements alleging actual innocence.  This is patently insufficient to constitute the reliable evidence necessary under *Souter* to make out a credible claim of actual innocence.  *Griffith*, 2006 WL 724579, at \*5; *Waters*, 2005 WL 1838625 at \*5.

Accordingly, Hinds' objection to the Magistrate Judge's report and recommendation is **DENIED**.  The statute of limitations is not subject to equitable tolling under *Souter*, 395 F.3d at 589-90, based on Hinds' deficient claim of actual innocence.

**IV.**   <u>Conclusion</u>

The 28 U.S.C. § 2254 habeas petition will be **DENIED and DISMISSED WITH PREJUDICE** because it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

An appeal by Hinds from this decision would be entirely frivolous.  Hinds has not made a substantial showing of a denial of a constitutional right.  When a habeas petition is denied on the procedural ground that it is time-barred by the statute of limitations, a certificate of appealability may issue only when the petitioner shows, at least, that (1) reasonable jurists would find it debatable whether the habeas petition states a valid claim of the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the District Court was correct in the procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This Court finds that reasonable jurists would not find it debatable whether Hinds' habeas petition is being properly denied as time-barred by the statute of limitations.  For the

reasons expressed by the Magistrate Judge in the report and recommendation, a certificate

of appealability is **DENIED** to Hinds under 28 U.S.C. § 2253(c).

       A separate judgment will enter.

       SO ORDERED.


Dated:     6/28/06                                  */s/ R. Allan Edgar*                 
                                                R. ALLAN EDGAR
                                                UNITED STATES DISTRICT JUDGE